IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



JENNIFER TIPTON and SLEEKEZ, LLC, a Wyoming limited liability company,

Plaintiffs,

vs.

HAL HORTON,

Defendant.

CV 19-25-BLG-SPW

ORDER GRANTING MOTION TO APPEAR *PRO HAC VICE* FOR ERIC D. HONE

On May 22, 2019, Shalise C. Zobell, a member of the Montana Bar, filed a motion for the admission of Eric D. Hone, a member of the Nevada Bar, to appear *pro hac vice* as counsel for Plaintiffs Jennifer Tipton and SleekEZ. On June 5, 2019, Defendant Hal Horton objected and responded to the motion, and on June 17, 2019, the Plaintiffs filed their reply. For the following reasons, the Court grants the motion.

I. **Background**

Mr. Hone served as counsel for the Plaintiffs in two prior related proceedings against the Defendant that the parties resolved through a settlement agreement. (Doc. 2 at ¶¶ 18–23.) As part of the agreement, the Defendant received a license from the Plaintiffs to manufacture and sell certain animal

1

grooming brushes. (Doc. 2 at ¶ 26.) Around November 2018, the Plaintiffs allege they discovered a third party—Dakota Dog Company—was selling identical products through a sublicense with the Defendant that violated the parties' settlement agreement and the Plaintiffs' patent for the animal grooming brushes. (Doc. 2 at ¶¶ 49–50.) Mr. Hone subsequently sent a cease and desist letter to Dakota Dog Company. (Doc. 10-2.)

In March 2019, Plaintiffs filed a complaint alleging, among other claims, the Defendant breached the parties' settlement agreement. Along with his answer, the Defendant filed a counterclaim alleging tortious interference with business relations. (Doc. 10 at ¶¶ 12–18.) The Defendant cited the cease and desist letter Mr. Hone sent to Dakota Dog Company as evidence of the counterclaim. (Doc. 10 ¶ 13.) When Ms. Zobell later moved for the admission of Mr. Hone to appear *pro hac vice*, the Defendant objected to the motion and responded that Mr. Hone was a necessary witness regarding the cease and desist letter and the Defendant's counterclaim of tortious interference, disqualifying him from representing the Plaintiffs under M.R. Pro. C. 3.7. (Doc. 21.)

II.   **Discussion**

An attorney who wishes to appear *pro hac vice* must follow the procedure outlined in Dist. Mont. L. R. 83.1(d). The rule says nothing regarding M.R. Pro. C. 3.7 and whether an attorney's potential disqualification because he will likely be a

necessary witness at trial precludes him from admission to appear *pro hac vice*. However, leave to appear *pro hac vice* "is granted solely at the discretion of the presiding judge." If the Court granted Mr. Hone leave to appear *pro hac vice* but left unanswered the question of whether Mr. Hone is disqualified under M.R. Pro. C. 3.7, that decision would only serve to prolong the instant litigation. Therefore, the Court will base its decision of whether to grant Mr. Hone leave to appear *pro hac vice* in part on whether Mr. Hone is disqualified under M.R. Pro. C. 3.7 because he is likely to be a necessary witness at trial. The Court concludes he is not.

In part, M.R. Pro. C. 3.7 states, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." A *necessary witness* is one whose "testimony is both admissible and unavailable by other means." *In re Marriage of Perry*, 293 P.3d 170, 178 (Mont. 2013). "Because Rule 3.7 can be 'invoked for tactical advantage, delay or other improper purposes,' the movant must make the showing that an attorney is likely to be a necessary witness 'with specificity.'" *Newman v. Farmers All. Mut. Ins. Co.*, 2017 WL 3446630, *2 (D. Mont. Aug. 10, 2017) (quoting *Nelson v. Hartford Ins. Co. of the Midwest*, 2012 WL 761965, *4 (D. Mont. Mar. 8, 2012)). "The moving party bears the burden of showing disqualification is necessary." *Id.* In cases where one party calls an opposing party's attorney in an attempt to disqualify him, the movant may also

3

need to show the attorney will give evidence material to the determination of the issues litigated, the evidence cannot be obtained elsewhere, and the testimony is prejudicial or may be potentially prejudicial to the testifying attorney's client. *Perry*, 293 P.3d at 222 n. 4.

Here, the Defendant would call on Mr. Hone as a witness for the Defendant's counterclaim of tortious interference, thereby disqualifying him. The Defendant states communications between Mr. Hone and the Dakota Dog Company support the Defendant's allegation that the Plaintiffs tortiously interfered with the Defendant's business relations. The Defendant argues, "The full scope and nature of Mr. Hone's conduct is obtainable only from Mr. Hone." However, the Defendant cites only the cease and desist letter Mr. Hone sent as evidence of the communications.

The cease and desist letter speaks for itself, and the Defendant could authenticate the letter through the testimony of other witnesses. Where Mr. Hone's testimony would relate to the contents of the letter, the Defendant has not shown how the evidence cannot be obtained elsewhere—for example, by admitting the letter into evidence. Where Mr. Hone's testimony would relate to his mental thoughts, impressions, strategy, or opinions when writing the letter, the Defendant has not shown how that testimony is admissible under the attorney-client and work product privileges.

Moreover, the Defendant fails to further specify why Mr. Hone is likely to be a necessary witness, either by pointing to further instances of communications between Mr. Hone and Dakota Dog Company or other conduct that would necessitate Mr. Hone's testimony. The Defendant does not specify how Mr. Hone's testimony would be admissible—the Plaintiffs argue any testimony as to Mr. Hone's communications with his clients; his mental thoughts, impressions, strategy, or opinions; and his work product is protected under the attorney-client and work product privileges. Other than a reference to the cease and desist letter, the Defendant fails to specify how the evidence he would obtain through Mr. Hone's testimony is admissible, unavailable by other means, and material to the determination of the issues litigated.

The Defendant also cites *Nelson v. Hartford*, 2012 WL 761965 (D. Mont. March 8, 2012) and *Pumphrey v. Cinncinatti Ins. Co.*, No. CV- 05-14-BLG-CSO (D. Mont. March 9, 2007)[1] in support of his argument that Mr. Hone is disqualifiable and therefore should be prevented from appearing *pro hac vice*. Each case is distinguishable. Both were bad faith insurance actions where a key issue was the representation of the insured in the underlying suit, including the

---

[1] In further support of his position, the Defendant also provides an order from *Frontline Processing Corp. v. Ferrazzano*, No. CV-11-61-BU-SEH (D. Mont. Oct. 23, 2014). The order cited provides no factual or legal analysis, however, and therefore the Court disregards it for purposes of this order.

5

attorneys' "litigation and negotiation strategy" and their testimony about alleged misconduct that was "material, relevant, and unobtainable elsewhere." *Nelson*, at \*5–6; *accord Pumphrey*, at 3–4. The present case is not a bad faith insurance action. The Defendant has not articulated how Mr. Hone's testimony regarding the cease and desist letter is admissible under the attorney client and work product privileges and how it is "material, relevant, and unobtainable elsewhere." *See Nelson*, at \*5.

### III. Conclusion

The Court finds the Defendant has failed to carry his burden of showing Mr. Hone is likely to be a necessary witness at trial under M.R. Pro. C. 3.7. Mr. Hone has met the remaining requirements to appear *pro hac vice* pursuant to Dist. Mont. L. R. 83.1(d). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Admission *Pro Hac Vice* of Eric D. Hone is hereby **GRANTED**. Mr. Hone may appear in this case on behalf of Plaintiffs Jennifer Tipton and SleekEZ.

DATED this 25th day of June, 2019.

SUSAN P. WATTERS
United States District Judge