IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
JUN 25 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| JENNIFER TIPTON and SLEEKEZ, LLC, a Wyoming limited liability company,<br><br>                         Plaintiffs,<br><br>vs.<br><br>HAL HORTON,<br><br>                         Defendant. | CV 19-25-BLG-SPW<br><br>ORDER GRANTING MOTION TO APPEAR *PRO HAC VICE* FOR MOOREA L. KATZ |

On May 22, 2019, Shalise C. Zobell, a member of the Montana Bar, filed a motion for the admission of Moorea L. Katz, a member of the Nevada Bar, to appear *pro hac vice* as counsel for Plaintiffs Jennifer Tipton and SleekEZ. On June 5, 2019, Defendant Hal Horton objected and responded to the motion, and on June 17, 2019, the Plaintiffs filed their reply. For the following reasons, the Court grants the motion.

I. **Background**

Eric Hone, another attorney from Ms. Katz's law firm, served as counsel for the Plaintiffs in two prior related proceedings against the Defendant that the parties resolved through a settlement agreement. (Doc. 2 at ¶¶ 18–23.) As part of the agreement, the Defendant received a license from the Plaintiffs to manufacture and

1

sell certain animal grooming brushes. (Doc. 2 at ¶ 26.) Around November 2018, the Plaintiffs allege they discovered a third party—Dakota Dog Company—was selling identical products through a sublicense with the Defendant that violated the parties' settlement agreement and the Plaintiffs' patent for the animal grooming brushes. (Doc. 2 at ¶¶ 49–50.) Mr. Hone subsequently sent a cease and desist letter to Dakota Dog Company. (Doc. 10-2.) The Plaintiffs state Ms. Katz never contacted Dakota Dog Company or any of the Defendant's other business relations. (Doc. 24 at 4.)

In March 2019, Plaintiffs filed a complaint alleging, among other claims, the Defendant breached the parties' settlement agreement. Along with his answer, the Defendant filed a counterclaim alleging tortious interference with business relations. (Doc. 10 at ¶¶ 12–18.) The Defendant cited the cease and desist letter Mr. Hone sent to Dakota Dog Company as evidence of the counterclaim. (Doc. 10 ¶ 13.) When Ms. Zobell later moved for the admission of Ms. Katz to appear *pro hac vice*, the Defendant objected to the motion and speculated that Ms. Katz was a necessary witness for trial because she may have communicated with Dakota Dog Company or other businesses that worked with the Defendant, disqualifying her from representing the Plaintiffs under M.R. Pro. C. 3.7. (Doc. 20.)

II. **Discussion**

An attorney who wishes to appear *pro hac vice* must follow the procedure outlined in Dist. Mont. L. R. 83.1(d). The rule says nothing regarding M.R. Pro. C. 3.7 and whether an attorney's potential disqualification because she will likely be a necessary witness at trial precludes her from admission to appear *pro hac vice*. However, leave to appear *pro hac vice* "is granted solely at the discretion of the presiding judge." If the Court granted Ms. Katz leave to appear *pro hac vice* but left unanswered the question of whether Ms. Katz is disqualified under M.R. Pro. C. 3.7, that decision would only serve to prolong the instant litigation. Therefore, the Court will base its decision of whether to grant Ms. Katz leave to appear *pro hac vice* in part on whether Ms. Katz is disqualified under M.R. Pro. C. 3.7 because she is likely to be a necessary witness at trial. The Court concludes she is not.

In part, M.R. Pro. C. 3.7 states, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." A *necessary witness* is one whose "testimony is both admissible and unavailable by other means." *In re Marriage of Perry*, 293 P.3d 170, 178 (Mont. 2013). "Because Rule 3.7 can be 'invoked for tactical advantage, delay or other improper purposes,' the movant must make the showing that an attorney is likely to be a necessary witness 'with specificity.'" *Newman v. Farmers All. Mut. Ins. Co.*, 2017 WL 3446630, *2 (D. Mont. Aug. 10, 2017) (quoting *Nelson v. Hartford Ins. Co. of the Midwest*, 2012

WL 761965, *4 (D. Mont. Mar. 8, 2012)). "The moving party bears the burden of showing disqualification is necessary." *Id.* In cases where one party calls an opposing party's attorney in an attempt to disqualify her, the movant may also need to show the attorney will give evidence material to the determination of the issues litigated, the evidence cannot be obtained elsewhere, and the testimony is prejudicial or may be potentially prejudicial to the testifying attorney's client. *Perry*, 293 P.3d at 222 n. 4.

Here, the Defendant would call on Ms. Katz as a witness for the Defendant's counterclaim of tortious interference, thereby disqualifying her. However, the Defendant cites only the cease and desist letter Mr. Hone sent as evidence of Ms. Katz's involvement with the alleged tortious interference. The Defendant only speculates as to whether Ms. Katz communicated with the business entities working with the Defendant. The Plaintiffs affirm she did not.

The Defendant fails to further specify why Ms. Katz is likely to be a necessary witness. The Defendant does not specify how Ms. Katz's testimony would be admissible—the Plaintiffs argue any testimony as to Ms. Katz's communications with her clients; her mental thoughts, impressions, strategy, or opinions; and her work product is protected under the attorney-client and work product privileges. Other than a reference to the cease and desist letter, the Defendant fails to specify how the evidence he would obtain through Ms. Katz's

4

testimony is admissible, unavailable by other means, and material to the determination of the issues litigated.

### III. Conclusion

The Court finds the Defendant has failed to carry his burden of showing Ms. Katz is likely to be a necessary witness at trial under M.R. Pro. C. 3.7. Ms. Katz has met the remaining requirements to appear *pro hac vice* pursuant to Dist. Mont. L. R. 83.1(d). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Admission *Pro Hac Vice* of Moorea L. Katz is hereby **GRANTED**. Ms. Katz may appear in this case on behalf of Plaintiffs Jennifer Tipton and SleekEZ.

DATED this 25th day of June, 2019.

SUSAN P. WATTERS
United States District Judge