IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JENNIFER TIPTON and SLEEKEZ, LLC, a Wyoming limited liability company,<br><br>Plaintiffs/Counterdefendants,<br><br>vs.<br><br>HAL HORTON,<br><br>Counterclaimant/Defendants. | CV 19-25-BLG-SPW<br><br>ORDER |

Before the Court is a Motion to Stay (Doc. 35) filed by Defendant Hal Horton's now-former counsel. The basis of the motion is that the named attorneys no longer represent Horton and do not have authority to act on his behalf, including acceptance of service, and therefore they requested a stay until Horton is personally served. (Doc. 35 at 2).

Tipton and SleekEZ ("Plaintiffs") filed a response opposing the motion, indicating that Horton had in fact been personally served on June 7, 2021. (Doc. 37 at 2 and 37-1). Plaintiffs additionally request attorney's fees for their time opposing the motion for stay, apparently on the basis that "counsel's groundless arguments have unnecessarily multiplied the proceedings" and that sanctions should be imposed "to put an end to such wasteful gamesmanship." (Doc. 37 at 2).

1

Plaintiffs filed the Motion for Order to Show Cause on May 28, 2021. (Doc. 32). On June 7, 2021, Horton's attorneys moved to withdraw as counsel because they no longer were in contact with Horton. (Docs. 33 and 34). On June 11, 2021, out of an "abundance of caution", Horton's counsel filed the instant motion to stay. (Doc. 35 at 2). The motions to withdraw were granted on June 14, 2021. (Doc. 36).

The Motion to Stay is now moot, given that Horton was personally served the morning of June 7, 2021. (Doc. 37-1). It is unclear from the record presented by Plaintiffs whether they notified Horton's now-former attorneys that Horton had been personally served prior to the filing of the motion to stay. The email from Plaintiffs' counsel Zobell to Horton's former counsel Heitz, dated June 2, 2021, makes no mention of Plaintiffs' intention to personally serve Horton. (Doc. 33-1). Sanctions are therefore inappropriate. Plaintiffs counsel need not have expended their time writing and filing a thousand-word brief when a mere notice of service would suffice.

The Motion to Stay (Doc. 35) is DENIED as moot and the Plaintiffs' Motion for Attorney's Fees (Doc. 37) is likewise DENIED.

DATED this 16th day of June 2021.

SUSAN P. WATTERS
United States District Judge

2