## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JENNIFER TIPTON and SLEEKEZ, LLC, a Wyoming limited liability company, | Case No. 1:19-cv-00025-SPW |
| Plaintiffs/Counterdefendants, | **ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE** |
| vs. | |
| HAL HORTON, | |
| Counterclaimant/Defendant. | |

On May 28, 2021, Plaintiffs Jennifer Tipton ("Tipton") and SleekEZ, LLC ("SleekEZ" and, collectively with Tipton, the "Plaintiffs") filed Plaintiffs' Motion for Order to Show Cause (the "Motion") (Doc. 32) why Defendant Hal Horton ("Horton") should not be held in contempt and subject to sanctions for violating the Court's August 28, 2019, Judgment (Doc. 31), which contained a permanent injunction (the "Permanent Injunction") (*id.* at 1-2).

On July 7, 2021, Horton filed Defendants' [sic] Response to Motion for Order to Show Cause. (Doc. 47).

On July 21, 2021, Tipton and SleekEZ filed Plaintiffs' Reply Brief Supporting Motion for Order to Show Cause. (Doc. 48).

On August 27, 2021, the Court held a hearing on this matter. (Doc. 51). At the hearing, the Court heard sworn testimony by Horton and admitted physical Defense Exhibits 500-504 (wooden animal brushes with blades). (*Id.*). Based upon the parties' briefing, and the affidavits and exhibits attached thereto; Defense Exhibits 500-504 admitted into evidence at the hearing; and Horton's sworn hearing testimony, the Court makes the following findings of fact and conclusions of law, and orders as directed below.

## FINDINGS OF FACT

The Court finds the following facts:

1.      Tipton and SleekEZ commenced this action alleging that Horton violated a 2018 Settlement Agreement entered into by the parties. (Doc. 2, at ¶¶ 84-110).

2.      On March 26, 2019, this Court issued a preliminary injunction against Horton, concluding in part that "Plaintiffs . . . presented clear evidence that Horton breached the [2018] Settlement Agreement by continuing to sell animal grooming brushes with a wood handle and bandsaw-type blade . . . to customers after January 31, 2019." (Doc. 9, at 2, 5).

3.      The Court further concluded that Horton "willfully violate[d] the express terms of the [2018] Settlement Agreement, and that Tipton and SleekEZ were "substantially likely to succeed on the merits of [their] claims." (*Id.* at 2, 4).

2

4.      On or around August 6, 2019, the parties entered into a Mutual

Release and Settlement Agreement (the "2019 Settlement Agreement"). (Doc. 32-

2).

5.      Under the 2019 Settlement Agreement, Horton stipulated to the terms

of a proposed judgment and permanent injunction. (*Id.* at 4-11).

6.      On August 28, 2019, the Court issued a Judgment, which adopted in

full the parties' stipulated judgment and permanent injunction. (Doc. 31).

7.      Under the Permanent Injunction, the Court enjoined Horton as

follows:

> Mr. Horton shall not participate or have any involvement, directly or
> indirectly, individually or with others, in the marketing, sale,
> production, manufacturing, importing, offering to sell, or distribution
> of any animal grooming product that has a sawtooth, bandsaw, or
> hacksaw type blade that can be used for grooming, brushing, or
> removing animal hair or fur.

> ...Mr. Horton shall not have any direct or indirect ownership interest
> in, nor shall he consult with or advise any person or entity that markets,
> sells, offers to sell, manufacturers, produces, imports, or distributes any
> product that has a sawtooth, bandsaw, or hacksaw type blade that can
> be used for grooming, brushing, or removing animal hair or fur.

(*Id.* at ¶¶ 1-2).

8.      Horton does business as Groom Ninja, and his business website is

Groomninja.com. (Doc. 2, at ¶ 4; Doc. 10, at ¶ 4; Doc. 32-3; Doc. 32-5, at 2; Doc.

48-1, at 3-5).

3

9.     On or around April 1, 2021, attorneys for Plaintiffs purchased a Groom Ninja brush from Horton's Groomninja.com website. Plaintiffs' attorneys received from Groom Ninja an animal grooming brush with a sawtooth, bandsaw, or hacksaw type blade. (Doc. 32-5, at 2; Doc. 48-1, at 3-5).

10.    Horton admitted in his response brief that, after entry of the Permanent Injunction, he created and sold "Groom Ninja 2.0" brushes with a "blade" that has "teeth." (Doc. 47).

11.    At the August 27, 2021 hearing on the Motion, Horton introduced into evidence Defense Exhibits 503-504. (Doc. 51).

12.    Horton testified and described Defense Exhibit 503 as a Groom Ninja animal grooming brush with a wooden handle and a sawtooth, bandsaw, or hacksaw type blade.

13.    Horton testified and described Defense Exhibit 504 as a sawtooth, bandsaw, or hacksaw type blade that would be inserted into his Groom Ninja brushes.

14.    Horton testified that Defense Exhibits 503-504, taken together, exemplified the products he manufactured, produced, marketed, offered for sale, and sold under the name Groom Ninja after entry of the Permanent Injunction.

15.     Horton testified that the brushes he manufactured, produced, marketed, offered for sale, and sold after entry of the Permanent Injunction can be used for grooming, brushing, or removing animal hair or fur.

16.     Horton testified that, if he chose to, he could sell other products under the Groom Ninja business name that were not animal grooming brushes with sawtooth, bandsaw, or hacksaw type blades.

17.     At the hearing, counsel for Plaintiffs waived and relinquished Plaintiffs' claim for lost market share damages.

## CONCLUSIONS OF LAW

The Court concludes as follows:

1.      Tipton and SleekEZ made a prima facia showing that Horton violated the Permanent Injunction and should be held in contempt.

2.      Horton failed to show cause why he could not comply with the Permanent Injunction.

3.      Horton failed to show cause why he should not be held in contempt.

4.      Horton willfully and intentionally violated the Permanent Injunction by manufacturing, producing, marketing, offering to sell, and selling brushes with sawtooth, bandsaw, or hacksaw type blades that can be used for grooming, brushing, or removing animal hair or fur.

5.      Horton willfully and intentionally violated the Permanent Injunction by having a direct or indirect ownership interest in his Groom Ninja business, which manufactured, produced, marketed, offered to sell, and sold brushes with sawtooth, bandsaw, or hacksaw type blades that can be used for grooming, brushing, or removing animal hair or fur.

6.      Horton should be found in contempt for his violations.

7.      Tipton and SleekEZ are entitled to damages, including disgorgement of profits, punitive damages, and reasonable attorney's fees and costs.

## ORDER

For the foregoing reasons, the Court hereby orders:

1.      Plaintiffs' Motion for Order to Show Cause is **GRANTED**.

2.      Horton is held in civil contempt of court for violating the Permanent Injunction.

3.      Plaintiffs are awarded, and Horton is required to disgorge, all profits from Horton's sales of animal grooming brushes with sawtooth, bandsaw, or hacksaw type blades on or after August 28, 2019.

4.      Plaintiffs are awarded punitive damages, calculated as a twenty-five percent (25%) increase to the disgorgement of profits award.

5.     Plaintiffs are awarded their reasonable attorney's fees and costs for the Motion and any related proceedings thereto, including damages discovery and enforcement proceedings.

6.     Horton shall have fourteen (14) calendar days from the date of this Order to produce and serve Plaintiffs with all receipts, invoices, spreadsheets, bank statements, PayPal account statements, online or digital data, or any other documents or electronically stored information showing Horton's sales of animal grooming brushes on or after August 28, 2019. Horton shall produce responsive documents or electronically stored information whether possessed by himself, Groom Ninja, or any other person or entity on behalf of Horton's Groom Ninja business.

7.     Horton shall have fourteen (14) calendar days from the date of this Order to serve Plaintiffs with a description of all software and hardware systems he used, or uses, for manufacturing, producing, marketing, offering to sell, and selling animal grooming brushes with sawtooth, bandsaw, or hacksaw type blades on or after August 28, 2019, including software and hardware systems used for his Groom Ninja business. Horton shall include all software or hardware systems possessed by himself, Groom Ninja, or any other person or entity on behalf of Horton's Groom Ninja business.

7

8. Plaintiffs shall have the right to seek a forensic audit of Horton's business records, including all hardware and software systems, to determine the accuracy of Horton's responses and/or production.

9. On or before forty-five (45) days after the filing date of this Order, Plaintiffs shall file with the Court a brief requesting a specific amount for disgorgement of profits, punitive damages, and attorney's fees and costs.

A hearing to ascertain the amount of damages awarded to Plaintiffs will be held on **Friday, December 10, 2021 at 9:30 a.m.** in the Snowy Mountains Courtroom of the James F. Battin U.S. Courthouse, Billings, Montana.

DATED this ___5th___ day of October, 2021.

Susan P. Watters

SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE

8